UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY RANDEL and DEBRA RANDEL, | § | |
| | § | |
| Plaintiffs, | § | |
| vs. | § | CIVIL ACTION NO. 4:19-CV-2883 |
| | § | |
| TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY, | § § § | |
| | § | |
| Defendant. | § | |

# <u>ORDER</u>

Pending before the Court is the defendant's, Travelers Lloyds of Texas Insurance Company ("Travelers"), motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c). (Dkt. No. 2). The plaintiffs, Randy Randel and Debra Randel (the "plaintiffs"), have filed a response in opposition to the motion (Dkt. No. 7) and the defendant has filed a reply. (Dkt. No. 8). After having carefully considered the motion, response, reply and the applicable law, the Court determines that the motion should be **DENIED**.

This lawsuit stems from damages allegedly sustained to the plaintiff's residence located at 14811 Stella's Point Court, Humble, Texas 77396 in Harris County, Texas, following a fire that emanated in their attached garage on or about July 4, 2017. The plaintiffs are the owners of a homeowners' insurance policy, policy no. 0HP4889805316356761 (the "Policy"), issued by Travelers and covering the real property. On July 5, 2017, the plaintiffs filed a claim with Travelers requesting that it provide coverage for the damages caused by the fire and smoke, together with additional living expenses associated with their displacement due to the fire.

Travelers assigned Victor McKnight to adjust the plaintiffs' claim. McKnight estimated the plaintiffs' damages to be $126,720.86. The plaintiffs, however, determined that McKnight's

assessment significantly undervalued their actual damages and requested that Eric Althouse of Air Intellect, LLC be retained to conduct an indoor environmental quality assessment of their property. On August 19, 2017, Mr. Althouse inspected the property, took samples and provided a written report detailing his findings and recommendations.

On October 4, 2017, the plaintiffs advised Travelers of their concerns regarding its underestimation of their claim, including its refusal to permit allowances for replacement of drywall and/or wall insulation in the rooms impacted by the fire and/or smoke. Thereafter, the plaintiffs retained Mark Earle of Key Claims Consultants to perform an inspection of the property and provide an estimate as to the amount of damages sustained to the property. Upon receipt of Mr. Earle's estimate, Travelers sent adjuster Mike Boone to inspect the plaintiffs' property on February 20, 2018. Afterwards, Travelers denied the plaintiffs' claim for additional structural damages and further advised that its payments for additional living expenses would be terminated.

Subsequently, the plaintiffs sought an appraisal to resolve the disputed loss amount, but Travelers rejected their appraisal request, maintaining that there was no covered damage to appraise. On March 21, 2018, the plaintiffs instituted an action against Travelers in the 281st Judicial District Court of Harris County, Texas seeking a declaratory judgment as to whether the Policy requires Travelers to proceed to appraisal and requesting that the Court compel Travelers to participate in an appraisal. Travelers eventually agreed to send the claim to appraisal. On February 5, 2019, the plaintiffs filed a Notice of Nonsuit with Prejudice advising of their decision to no longer prosecute their claims against Travelers. On February 6, 2019, the state court entered an Order dismissing their declaratory judgment action with prejudice.

To date, the appraisal has not been completed. On July 3, 2019, the plaintiffs filed the instant action against Travelers in the 295th Judicial District Court of Harris County, Texas alleging claims for breach of contract and noncompliance with the Texas Insurance Code's prompt payment of claims provision. Travelers timely removed the action to this Court. It now moves for judgment on the pleadings, arguing that the plaintiffs' claims are barred by the *res judicata* doctrine.

Federal Rule of Civil Procedure 12(c) expressly provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion brought pursuant to Fed. R. Civ. P 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (internal citations omitted). Such a motion "is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir. 2002)). To this end, the pleadings are to "be construed liberally, and [a] judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Great Plains Tr.*, 313 F.3d at 312.

"Claim preclusion or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055, 126 S. Ct. 1662, 164 L.Ed.2d 397 (2006) (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)). The elements of claim preclusion, or *res judicata*, are as follows:

> (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits.

*Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010) (citing *Test Masters*, 428 F.3d at 571; *see also Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000)). If all four of these elements are present, "claim preclusion prohibits [a litigant] from raising any claim or defense in the later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in the prior action." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (citing *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) (emphasis in original)).

The crux of Travelers' argument here is that because the plaintiff's claim for declaratory relief was part of a prior lawsuit involving the same parties, the same claim, and arising out of the same nucleus of operative facts, the *res judicata* doctrine bars the plaintiffs' current lawsuit. This Court does not agree.

Indeed, the plaintiffs previously sought a declaratory judgment as to whether the Policy requires Travelers to proceed to appraisal and further requested that the state court compel Travelers to participate in the appraisal process in a prior state court lawsuit. Travelers eventually conceded that issue, thereby obviating the need for adjudication. Therefore, the plaintiffs' subsequent voluntary dismissal of their lawsuit pursuit to a Notice of Nonsuit with Prejudice does not bar the instant action, as their declaratory judgment action was not adjudicated.

The Fifth Circuit has reasoned that "the rules of claim preclusion are difficult, if not impossible, to apply in the usual form when a declaratory judgment proceeding ends in a judgment that states no more than 'dismissed with prejudice.' " *Kaspar Wire Works, Inc. v. Leco Eng'g and Machine Inc.*, 575 F.2d 530, 536 (5th Cir. 1978). To this end, it dictates that a "more

reasonable alternative within the usual framework of *res judicata* principles, is to view the preclusive effect of a prior declaratory [judgment] proceeding as presenting a special problem of issue preclusion." *Id.* at 537. Thus, for an issue to be barred "under the usual rationale of issue preclusion," the issue must be one that was "actually litigated" and "necessary to the judgment." *ASARCO, L.L.C. v. Montana Res., Inc.*, 858 F.3d 949, 955 (5th Cir. 2017) (quoting *Kaspar Wire*, 575 F.2d at 537).

Given that the plaintiff's prior lawsuit was more of a "run-of-the-mill" type declaratory judgment action that was resolved, at least in part, by agreement, such action may not now be used as a *res judicata* bar to preclude the plaintiffs' subsequent action for coercive relief premised upon the same contractual right, even though the latter arises out of the same nucleus of operative facts. To permit such, would obfuscate the entire purpose for filing a declaratory judgment action in the first place. *See ASARCO*, 858 F.3d at 955 (citing *Harborside Refrigerated Servs., Inc. v. Vogel*, 959 F.2d 368, 373 (2d Cir. 1992) ("To permit *res judicata* to be applied in such a case beyond the precise issue before the court would subvert the very interests in judicial economy that the doctrine was designed to serve.")). Thus, the Court finds that the declaratory judgment filed by the plaintiffs in the prior state court action and subsequently dismissed does not bar the plaintiffs' current lawsuit on *res judicata* grounds. Accordingly, Travelers' motion for judgment on the pleadings is hereby **DENIED**.

It is so **ORDERED**.

SIGNED on this 30th day of October, 2019.

_____
Kenneth M. Hoyt
United States District Judge